# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Evin King,** | ) | Case No. 1:18-CV-02353 |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Polster** |
| | ) | |
| vs. | ) | **Magistrate Judge Jonathan D. Greenberg** |
| | ) | |
| **Robert Matuszny,** *et al.,* | ) | **ANSWER OF DEFENDANTS** |
| | ) | **ROBERT MATUSZNY, GREGORY** |
| **Defendants.** | ) | **KUNZ, MICHAEL O'MALLEY,** |
| | ) | **THOMAS MILLER, TIMOTHY** |
| | ) | **ZBIKOWSKI, AND DENNIS GUNSCH** |
| | ) | **TO PLAINTIFF'S COMPLAINT** |
| | ) | |
| | ) | *(**Jury Demand Endorsed Hereon**)* |
| | ) | |

Defendants Robert Matuszny (deceased), Gregory Kunz, Michael O'Malley, Thomas Miller, Timothy Zbikowski, and Dennis Gunsch state the following for their answer to Plaintiff's Complaint:

1.   These Defendants admit that Crystal Hudson died in 1994. These Defendants further admit that the Plaintiff was convicted of murdering Ms. Hudson and served time in prison. These Defendants otherwise lack sufficient information to either admit or deny the allegations in paragraphs 1, 2, 3, 4, 5, 6, and 7 of Plaintiff's Complaint.

2. These Defendants deny the allegations against them in paragraphs 8, 9, 10, and 11 of Plaintiff's Complaint. These Defendants otherwise lack sufficient information to either admit or deny the remaining allegations against the Co-Defendants in those paragraphs.

3. These Defendants admit that the Plaintiff served time in prison. These Defendants otherwise lack sufficient information to either admit or deny the allegations in paragraph 12 of Plaintiff's Complaint.

5. These Defendants deny the allegations against them in paragraph 13 of Plaintiff's Complaint. These Defendants otherwise lack sufficient information to either admit or deny the remaining allegations against the Co-Defendants contained in this paragraph.

6. These Defendants lack sufficient information to either admit or deny the allegations in paragraphs 14, 15, and 16 of Plaintiff's Complaint.

7. These Defendants admit that Evin King served time in prison. These Defendants further admit that Robert Matuszny (deceased), Gregory Kunz, Michael O'Malley, Thomas Miller, Timothy Zbikowski, and Dennis Gunsch are or were police officers of the City of Cleveland. These Defendants deny the remaining allegations against them in paragraphs 17 and 18 of Plaintiff's Complaint. These Defendants lack sufficient information to either admit or deny the remaining allegations against the Co-Defendants contained in those paragraphs.

8. These Defendants lack sufficient information to either admit or deny the allegations in paragraphs 19, 20, and 21 of Plaintiff's Complaint.

9. These Defendants admit that Cuyahoga County and the City of Cleveland are political subdivisions in the State of Ohio. These Defendants otherwise lack sufficient information to either admit or deny the allegations in paragraphs 22 and 23 of Plaintiff's Complaint.

10. These Defendants lack sufficient information to either admit or deny the allegations in paragraph 24 of Plaintiff's Complaint.

11. These Defendants admit that Crystal Hudson died in 1994. These Defendants otherwise lack sufficient information to either admit or deny the allegations in paragraphs 25, 26, 27, 28, 29, 30, 31, 32, and 33 of Plaintiff's Complaint.

12. These Defendants admit that the Plaintiff was a suspect for Crystal Hudson's murder. These Defendants deny the allegations against them in paragraphs 34 and 35 of Plaintiff's Complaint. These Defendants otherwise lack sufficient information to either admit or deny the remaining allegations against the Co-Defendants contained in those paragraphs.

13. These Defendants lack sufficient information to either admit or deny the allegations in paragraphs 36 and 37 of Plaintiff's Complaint.

14. These Defendants deny that they had intent, or that they made any effort, to frame the Plaintiff. These Defendants otherwise lack sufficient information to either admit or deny the allegations in paragraph 38 of Plaintiff's Complaint.

15. These Defendants deny that they fabricated statements in any way. These Defendants otherwise lack sufficient information to either admit or deny the allegations in paragraph 39 of Plaintiff's Complaint.

16. These Defendants deny the allegations in paragraphs 40 and 41 of Plaintiff's Complaint.

17. These Defendants admit that Ms. Hudson's daughters provided statements and/or testified at the Plaintiff's criminal trial. These Defendants otherwise lack sufficient information to either admit or deny the allegations in paragraph 42 of Plaintiff's Complaint.

18. These Defendants deny that they manipulated witnesses in any way. These Defendants otherwise lack sufficient information to either admit or deny the allegations in paragraph 43 of Plaintiff's Complaint.

19. These Defendants lack sufficient information to either admit or deny the allegations in paragraph 44 of Plaintiff's Complaint.

20. These Defendants deny the allegations against them in paragraphs 45, 46, and 47 of Plaintiff's Complaint. These Defendants otherwise lack sufficient information to either admit or deny the remaining allegations against the Co-Defendants contained in those paragraphs.

21. These Defendants lack sufficient information to either admit or deny the allegations in paragraph 48 of Plaintiff's Complaint.

22. These Defendants deny that they fabricated evidence in any way. These Defendants otherwise lack sufficient information to either admit or deny the allegations in paragraphs 49, 50, and 51 of Plaintiff's Complaint.

23. These Defendants deny the allegations against them in paragraph 52 of Plaintiff's Complaint. These Defendants otherwise lack sufficient information to either admit or deny the remaining allegations against the Co-Defendants contained in this paragraph.

24. These Defendants lack sufficient information to either admit or deny the allegations in paragraphs 53, 54, 55, 56, 57, 58, 59, 60, and 61 of Plaintiff's Complaint.

25. These Defendants deny the allegations against them in paragraphs 62 and 63 of Plaintiff's Complaint. These Defendants otherwise lack sufficient information to either admit or deny the remaining allegations against the Co-Defendants contained in those paragraphs.

26. These Defendants admit that a jury convicted the Plaintiff of Crystal Hudson's death. These Defendants deny that they fabricated false evidence in any way. These Defendants otherwise lack sufficient information to either admit or deny the allegations in paragraphs 64, 65, 66, 67, and 68 of Plaintiff's Complaint.

27. These Defendants admit that the Cuyahoga County Prosecutor in 2017 was a different person than the Cuyahoga County Prosecutor in 1995. These Defendants otherwise lack sufficient information to either admit or deny the allegations in paragraphs 69, 70, 71, and 72 of Plaintiff's Complaint.

28. These Defendants deny the allegations against them in paragraphs 73, 74, 75, 76, 77, 78, and 79 of Plaintiff's Complaint. These Defendants otherwise lack sufficient information to either admit or deny the remaining allegations against the Co-Defendants contained in those paragraphs.

## COUNT I

29. For their answer to paragraph 80, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 79 of Plaintiff's Complaint.

30. These Defendants deny the allegations against them in paragraphs 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, and 100 of Plaintiff's Complaint. These Defendants otherwise lack sufficient information to either admit or deny the remaining allegations against the Co-Defendants contained in those paragraphs.

## COUNT II

31. For their answer to paragraph 101, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 100 of Plaintiff's Complaint.

32. These Defendants deny the allegations against them in paragraphs 102, 103, 104, 105, 106, 107, 108, 109, and 110 of Plaintiff's Complaint. These Defendants otherwise lack sufficient information to either admit or deny the remaining allegations against the Co-Defendants contained in those paragraphs.

## **COUNT III**

33. For their answer to paragraph 111, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 110 of Plaintiff's Complaint.

34. These Defendants deny the allegations against them in paragraphs 112, 113, 114, 115, 116, and 117 of Plaintiff's Complaint. These Defendants otherwise lack sufficient information to either admit or deny the remaining allegations against the Co-Defendants contained in those paragraphs.

## **COUNT IV**

35. For their answer to paragraph 118, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 117 of Plaintiff's Complaint.

36. These Defendants deny the allegations against them in paragraphs 119, 120, 121, 122, and 123 of Plaintiff's Complaint. These Defendants otherwise lack sufficient information to either admit or deny the remaining allegations against the Co-Defendants contained in those paragraphs.

## **COUNT V**

37. For their answer to paragraph 124, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 123 of Plaintiff's Complaint.

38. These Defendants deny the allegations against them in paragraphs 125, 126, 127, 128, and 129 of Plaintiff's Complaint. These Defendants otherwise lack sufficient information to either admit or deny the remaining allegations against the Co-Defendants contained in those paragraphs.

**COUNT VI**

39. For their answer to paragraph 130, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 129 of Plaintiff's Complaint.

40. These Defendants deny the allegations against them in paragraphs 131, 132, 133, 134, 135, and 136 of Plaintiff's Complaint. These Defendants otherwise lack sufficient information to either admit or deny the remaining allegations against the Co-Defendants contained in those paragraphs.

**COUNT VII**

41. For their answer to paragraph 137, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 136 of Plaintiff's Complaint.

42. These Defendants deny the allegations against them in paragraphs 138, 139, 140, and 141 of Plaintiff's Complaint. These Defendants otherwise lack sufficient information to either admit or deny the remaining allegations against the Co-Defendants contained in those paragraphs.

**COUNT VIII**

43. For their answer to paragraph 142, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 141 of Plaintiff's Complaint.

44. These Defendants deny the allegations against them in paragraphs 143, 144, 145, 146, and 147 of Plaintiff's Complaint. These Defendants otherwise lack sufficient information to

either admit or deny the remaining allegations against the Co-Defendants contained in those paragraphs.

### COUNT IX

45. Plaintiff's Complaint presumably contains a typographical error in that it fails to identify a Count IX and/or any allegations under a Count IX. To the extent Plaintiff intended to make allegations under Count IX, these Defendants lack sufficient information to either admit or deny any such allegations.

### COUNT X

46. For their answer to paragraph 148, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 147 of Plaintiff's Complaint.

47. These Defendants deny the allegations against them in paragraphs 149, 150, and 151. These Defendants otherwise lack sufficient information to either admit or deny the remaining allegations against the Co-Defendants contained in those paragraphs.

### COUNT XI

48. Plaintiff's Complaint presumably contains a typographical error in that it fails to identify a Count XI and/or any allegations under a Count XI. To the extent Plaintiff intended to make allegations under Count XI, these Defendants lack sufficient information to either admit or deny any such allegations.

### COUNT XII

49. For their answer to paragraph 152, these Defendants incorporate herein each of their prior answers to paragraphs 1 through 151 of Plaintiff's Complaint.

50. These Defendants lack sufficient information to either admit or deny the allegations in paragraphs 153 and 154 of Plaintiff's Complaint.

51. These Defendants deny each and every allegation, expressed or implied, which remains unanswered in Plaintiff's Complaint.

## ADDITIONAL DEFENSES

1. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

2. Service of process upon these Defendants, particularly Defendant Matuszny, was insufficient.

3. Plaintiff has failed to join necessary and indispensable parties to this litigation.

4. Plaintiff's claims are barred by the applicable statute of limitations.

5. Plaintiff's claims are barred by the doctrines of release, waiver, and estoppel.

6. Plaintiff's claims are barred by the doctrines of unclean hands.

7. These Defendants are entitled to absolute, qualified, statutory, and/or common law immunity under Federal law.

8. These Defendants are entitled to absolute, qualified, statutory, and/or common law immunity under Ohio law including, but not limited to, Ohio Revised Code. § 2744.03(A)(6).

9. The conduct of these Defendants was privileged under Federal and/or State law.

10. Plaintiff's claims are barred by comparative fault, assumption of the risk, and/or primary assumption of the risk.

11. Plaintiff's claims are barred by the doctrines of *res judicata* and/or collateral estoppel.

12. Plaintiff's claims are barred by judicial estoppel.

13. Plaintiff has failed to mitigate his damages.

14. Plaintiff's claims are barred due to spoliation of evidence.

15. Plaintiff's claims for punitive damages are barred by the Ohio and/or United States Constitution.

16. Plaintiff's claims are barred because Defendants acted with probable cause with respect to the investigation or charges at issue.

17. Plaintiff's claims are barred by the intervening and/or superseding conduct of others involved in the acts and decisions surrounding the investigation, prosecution, conviction, and incarceration of Plaintiff.

18. Plaintiff's claims are barred in whole or part because Plaintiff is not, and has not been found, innocent of the charges against him.

19. Plaintiff's claims are barred due to the independent decisions of others, including any grand jury or prosecutorial authorities, to charge and/or prosecute Plaintiffs.

20. Plaintiff's claims are barred because Defendants' conduct, based on objectively viewed facts and circumstances, did not violate Plaintiff's clearly established constitutional rights.

21. Plaintiff cannot establish by a reasonable probability that he would not have been charged or convicted but for Defendants' actions.

22. Plaintiff's claims are barred in whole or part under R.C. 2307.60(B) to the extent Plaintiff may allege conduct other than that specified in R.C. 2307.60(B)(4).

23. All are some of Plaintiff's claims against Defendant Matuszny do not survive his death.

10

WHEREFORE, having fully answered, Defendants Robert Matuszny, Gregory Kunz, Michael O'Malley, Thomas Miller, Timothy Zbikowski, and Dennis Gunsch, demand judgment upon Plaintiff's Complaint, plus their costs incurred herein.

> */s/ Kenneth A. Calderone*
> Kenneth A. Calderone (0046860)
> John R. Chlysta (0059313)
> Anne M. Markowski (0069705)
> Hanna, Campbell & Powell, LLP
> 3737 Embassy Parkway, Suite 100
> Akron, OH  44333
> Telephone:  (330) 670-7324 / (330) 670-7305
>           (330) 670-7601
> Facsimile:  (330) 670-7440 / (330) 670-7442
>           (330) 670-7456
> Email:  kcalderone@hcplaw.net
>       jchlysta@hcplaw.net
>       amarkowski@hcplaw.net
> *Attorneys for Defendants Robert Matuszny, Gregory Kunz, Michael O'Malley, Thomas Miller, Timothy Zbikowski, and Dennis Gunsch*

## JURY DEMAND

Defendants Robert Matuszny, Gregory Kunz, Michael O'Malley, Thomas Miller, Timothy Zbikowski, and Dennis Gunsch, hereby demand a full trial by jury on all issues in this matter.

> */s/ Kenneth A. Calderone*
> Kenneth A. Calderone (0046860)
> John R. Chlysta (0059313)
> Anne M. Markowski (0069705)

## **CERTIFICATE OF SERVICE**

This document was filed on November 5, 2018, using the Court's CM/ECF system, which will send notification of such filing to all parties. Parties may access this document through the Court's electronic filing system. Copies of this filing were mailed to the parties not on the Court's electronic filing system.

>  */s/ Kenneth A. Calderone*
>  Kenneth A. Calderone (0046860)
>  John R. Chlysta (0059313)
>  Anne M. Markowski (0069705)
>  *Attorneys for Defendants Robert Matuszny,*
>  *Gregory Kunz, Michael O'Malley, Thomas Miller,*
>  *Timothy Zbikowski, and Dennis Gunsch*

<<HCP #1014713-v1>>