IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EVIN KING, | ) CASE NO. 1:18-CV-02353 |
| | ) |
| Plaintiff, | ) JUDGE DANIEL POLSTER |
| | ) |
| vs. | ) |
| | ) **ANSWER OF DEFENDANT CITY OF** |
| ROBERT MATUSZNY, *et al.*, | ) **CLEVELAND** |
| | ) |
| Defendants. | ) **[Jury Demand Endorsed Hereon]** |

NOW COMES Defendant City of Cleveland and hereby submits the following Answer to the Plaintiff's Complaint. All facts not expressly admitted herein are denied.

**ANSWER**

Defendant City of Cleveland ("Defendant") hereby answers the allegations set forth in the numbered paragraphs of the Plaintiff's Complaint as follows:

1. Defendant admits that Crystal Hudson died in 1994. In further answering, Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2. Defendant denies the allegations of Paragraph 2 of Plaintiff's Complaint.

3. Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 3 of Plaintiff's Complaint and thus denies such allegations.

4. Defendant admits that Plaintiff was convicted of murdering Ms. Hudson and served time in prison. Defendant denies the remaining allegations of Paragraph 4 of Plaintiff's Complaint.

1

5. Defendant denies the allegations of Paragraph 5 of Plaintiff's Complaint.

6. Defendant denies the allegations of Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations of Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations of Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations of Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations of Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations of Paragraph 12 of Plaintiff's Complaint.

13. In response to Paragraph 13 of Plaintiff's Complaint, Defendant avers that the Complaint speaks for itself and denies any misconduct or wrongdoing.

14. In response to Paragraph 14 of Plaintiff's Complaint, Defendant avers that the Complaint speaks for itself and denies any misconduct or wrongdoing.

15. In response to Paragraph 15 of Plaintiff's Complaint Defendant does not dispute that this Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1367, but denies that there is any merit to any of the claims alleged against Defendant.

16. In response to Paragraph 16 of Plaintiff's Complaint, Defendant does not dispute that this Court has venue over the claims alleged in the Complaint, but denies that there is any merit to any of the claims alleged against Defendant.

17. Defendant admits that Plaintiff was convicted of murdering Ms. Hudson and served time in prison. Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 17 of Plaintiff's Complaint and thus denies such allegations.

18. In response to Paragraph 18 of Plaintiff's Complaint, Defendant admits that

Robert Matuzny (deceased), Gregory Kunz, Michael O'Malley, Thomas Miller, Timothy Zbikowski and Dennis Gunsch are or were police officers employed by the City of Cleveland. Defendant denies the remaining allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 19 of Plaintiff's Complaint and thus denies such allegations.

20. Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 20 of Plaintiff's Complaint and thus denies such allegations.

21. Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 21 of Plaintiff's Complaint and thus denies such allegations.

22. Defendant admits that Cuyahoga County is a political subdivision in the State of Ohio, but Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 22 of Plaintiff's Complaint and thus denies such allegations.

23. Defendant admits that the City of Cleveland is a political subdivision of the State of Ohio and that one of the administrative units of its Executive Branch is a Division of Police, but Defendant denies the remaining allegations of Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegation to the extent they are directed to it and/or the individually named City Defendants, but Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 24 of Plaintiff's Complaint and thus denies such allegations.

25. Defendant admits that Ms. Hudson died in 1994. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 25 of Plaintiff's Complaint and thus denies such allegations.

26. In response to Paragraph 26 of Plaintiff's Complaint, the autopsy report referenced in but not attached to the Complaint speaks for itself. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 26 of Plaintiff's Complaint and thus denies such allegations.

27. In response to Paragraph 27 of Plaintiff's Complaint, the autopsy report referenced in but not attached to the Complaint speaks for itself. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 27 of Plaintiff's Complaint and thus denies such allegations.

28. In response to Paragraph 28 of Plaintiff's Complaint, any slide reading report referenced in but not attached to the Complaint speaks for itself. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 28 of Plaintiff's Complaint and thus denies such allegations.

29. In response to Paragraph 29 of Plaintiff's Complaint, any autopsy report referenced in but not attached to the Complaint speaks for itself. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 29 of Plaintiff's Complaint and thus denies such allegations.

30. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 30 of Plaintiff's Complaint and thus denies such allegations.

31. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 31 of Plaintiff's Complaint and thus denies such allegations.

32. Defendant denies the allegations of Paragraph 32 of Plaintiff's Complaint and thus denies such allegations.

33. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 33 of Plaintiff's Complaint and thus denies such allegations.

34. Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 36 of Plaintiff's Complaint and thus denies such allegations.

37. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 37 of Plaintiff's Complaint and thus denies such allegations.

38. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 38 of Plaintiff's Complaint and thus denies such allegations.

39. Defendant denies that it fabricated statements. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 39 of Plaintiff's Complaint and thus denies such allegations.

40. Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 42 of Plaintiff's Complaint and thus denies such allegations.

43. Defendant denies that it manipulated witnesses in any way. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 43 of Plaintiff's Complaint and thus denies such allegations.

44. Defendant denies the allegations of Paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations of Paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations of Paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations of Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations of Paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations of Paragraph 49 of Plaintiff's Complaint.

50. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 50 of Plaintiff's Complaint and thus denies such allegations.

51. Any blood type and DNA profile report referenced in but not attached to Plaintiff's Complaint speaks for itself. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 51 of Plaintiff's Complaint and thus denies such allegations.

52. Defendant denies the allegations of Paragraph 52 of Plaintiff's Complaint.

53. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 53 of Plaintiff's Complaint and thus denies such allegations.

54. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 54 of Plaintiff's Complaint and thus denies such allegations.

55. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 55 of Plaintiff's Complaint and thus denies such allegations.

56. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 56 of Plaintiff's Complaint and thus denies such allegations.

57. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 57 of Plaintiff's Complaint and thus denies such allegations.

58. Defendant lacks sufficient information and knowledge to admit or deny the

remaining allegations of Paragraph 58 of Plaintiff's Complaint and thus denies such allegations.

59. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 59 of Plaintiff's Complaint and thus denies such allegations.

60. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 60 of Plaintiff's Complaint and thus denies such allegations.

61. Defendant denies that allegations of Paragraph 61 of Plaintiff's Complaint.

62. Defendant denies the allegations of Paragraph 62 of Plaintiff's Complaint.

63. Defendant denies the allegations of Paragraph 63 of Plaintiff's Complaint.

64. Defendant admits a jury convicted Plaintiff for the death of Ms. Hudson. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 64 of Plaintiff's Complaint and thus denies such allegations.

65. Defendant denies that allegations of Paragraph 65 of Plaintiff's Complaint.

66. Defendant admits that a jury convicted Plaintiff for the death of Ms. Hudson or that he was sentenced to prison. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 66 of Plaintiff's Complaint and thus denies such allegations.

67. Defendant denies the allegations in Paragraph 67 of Plaintiff's Complaint.

68. Defendant denies the allegations in Paragraph 68 of Plaintiff's Complaint.

69. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 69 of Plaintiff's Complaint and thus denies such allegations.

70. Defendant lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 70 of Plaintiff's Complaint and thus denies such allegations.

71. Defendant denies the allegations of Paragraph 71 of Plaintiff's Complaint.

72. Defendant denies the allegations of Paragraph 72 of Plaintiff's Complaint.

73. Defendant denies the allegations of Paragraph 73 of Plaintiff's Complaint.

74. Defendant denies the allegations of Paragraph 74 of Plaintiff's Complaint.

75. Defendant denies the allegations of Paragraph 75 of Plaintiff's Complaint.

76. Defendant denies the allegations of Paragraph 76 of Plaintiff's Complaint.

77. Defendant denies the allegations of Paragraph 77 of Plaintiff's Complaint.

78. Defendant denies the allegations of Paragraph 78 of Plaintiff's Complaint.

79. Defendant denies the allegations of Paragraph 79 of Plaintiff's Complaint.

80. Defendant incorporates by reference its answers to the allegations of Paragraphs 1 through 79 of the Complaint as if fully restated herein.

81. Defendant denies the allegations of Paragraph 81 of Plaintiff's Complaint.

82. Defendant denies the allegations of Paragraph 82 of Plaintiff's Complaint.

83. Defendant denies the allegations of Paragraph 83 of Plaintiff's Complaint.

84. Defendant denies the allegations of Paragraph 84 of Plaintiff's Complaint.

85. Defendant denies the allegations of Paragraph 85 of Plaintiff's Complaint.

86. Defendant denies the allegations of Paragraph 86 of Plaintiff's Complaint.

87. Defendant denies the allegations of Paragraph 87 of Plaintiff's Complaint.

88. Defendant denies the allegations of Paragraph 88 of Plaintiff's Complaint.

89. Defendant denies the allegations of Paragraph 89 of Plaintiff's Complaint.

90. The allegations of Paragraph 90 state a legal conclusion for which no answer is

required. To the extent that an additional response is required, any rule, regulation, policy or procedure speaks for itself.

91. The allegations of Paragraph 91 state a legal conclusion for which no answer is required.

92. Defendant denies the allegations of Paragraph 92 of Plaintiff's Complaint.

93. Defendant denies the allegations of Paragraph 93 of Plaintiff's Complaint.

94. Defendant denies the allegations of Paragraph 94 of Plaintiff's Complaint.

95. Defendant denies the allegations of Paragraph 95 of Plaintiff's Complaint.

96. Defendant denies the allegations of Paragraph 96 of Plaintiff's Complaint.

97. Defendant denies the allegations of Paragraph 97 of Plaintiff's Complaint.

98. Defendant denies the allegations of Paragraph 98 of Plaintiff's Complaint.

99. Defendant denies the allegations of Paragraph 99 of Plaintiff's Complaint.

100. Defendant denies the allegations of Paragraph 100 of Plaintiff's Complaint.

101. Defendant denies the allegations of Paragraph 101 of Plaintiff's Complaint.

102. Defendant incorporates by reference its answers to the allegations of Paragraphs 1 through 101 of the Complaint as if fully restated herein.

103. Defendant denies the allegations of Paragraph 103 of Plaintiff's Complaint.

104. Defendant denies the allegations of Paragraph 104 of Plaintiff's Complaint.

105. Defendant denies the allegations of Paragraph 105 of Plaintiff's Complaint.

106. Defendant denies the allegations of Paragraph 106 of Plaintiff's Complaint.

107. Defendant denies the allegations of Paragraph 107 of Plaintiff's Complaint.

108. Defendant denies the allegations of Paragraph 108 of Plaintiff's Complaint.

109. Defendant denies the allegations of Paragraph 109 of Plaintiff's Complaint.

110. Defendant denies the allegations of Paragraph 110 of Plaintiff's Complaint.

111. Defendant incorporates by reference its answers to the allegations of Paragraphs 1 through 110 of the Complaint as if fully restated herein.

112. Defendant denies the allegations of Paragraph 112 of Plaintiff's Complaint.

113. Defendant denies the allegations of Paragraph 113 of Plaintiff's Complaint.

114. Defendant denies the allegations of Paragraph 114 of Plaintiff's Complaint.

115. Defendant denies the allegations of Paragraph 115 of Plaintiff's Complaint.

116. Defendant denies the allegations of Paragraph 116 of Plaintiff's Complaint.

117. Defendant denies the allegations of Paragraph 117 of Plaintiff's Complaint.

118. Defendant incorporates by reference its answers to the allegations of Paragraphs 1 through 117 of the Complaint as if fully restated herein.

119. Defendant denies the allegations of Paragraph 119 of Plaintiff's Complaint.

120. Defendant denies the allegations of Paragraph 120 of Plaintiff's Complaint.

121. Defendant denies the allegations of Paragraph 121 of Plaintiff's Complaint.

122. Defendant denies the allegations of Paragraph 122 of Plaintiff's Complaint.

123. Defendant denies the allegations of Paragraph 123 of Plaintiff's Complaint.

124. Defendant incorporates by reference its answers to the allegations of Paragraphs 1 through 123 of the Complaint as if fully restated herein.

125. Defendant denies the allegations of Paragraph 125 of Plaintiff's Complaint.

126. Defendant denies the allegations of Paragraph 126 of Plaintiff's Complaint.

127. Defendant denies the allegations of Paragraph 127 of Plaintiff's Complaint.

128. Defendant denies the allegations of Paragraph 128 of Plaintiff's Complaint.

129. Defendant denies the allegations of Paragraph 129 of Plaintiff's Complaint.

130. Defendant incorporates by reference its answers to the allegations of Paragraphs 1 through 129 of the Complaint as if fully restated herein.

131. Defendant denies the allegations of Paragraph 131 of Plaintiff's Complaint.

132. Defendant denies the allegations of Paragraph 132 of Plaintiff's Complaint.

133. Defendant denies the allegations of Paragraph 133 of Plaintiff's Complaint.

134. Defendant denies the allegations of Paragraph 134 of Plaintiff's Complaint.

135. Defendant denies the allegations of Paragraph 135 of Plaintiff's Complaint.

136. Defendant denies the allegations of Paragraph 136 of Plaintiff's Complaint.

137. Defendant incorporates by reference its answers to the allegations of Paragraphs 1 through 136 of the Complaint as if fully restated herein.

138. Defendant denies the allegations of Paragraph 138 of Plaintiff's Complaint.

139. Defendant denies the allegations of Paragraph 139 of Plaintiff's Complaint.

140. Defendant denies the allegations of Paragraph 140 of Plaintiff's Complaint.

141. Defendant denies the allegations of Paragraph 141 of Plaintiff's Complaint.

142. Defendant incorporates by reference its answers to the allegations of Paragraphs 1 through 141 of the Complaint as if fully restated herein.

143. Defendant denies the allegations of Paragraph 143 of Plaintiff's Complaint.

144. Defendant denies the allegations of Paragraph 144 of Plaintiff's Complaint.

145. Defendant denies the allegations of Paragraph 145 of Plaintiff's Complaint.

146. Defendant denies the allegations of Paragraph 146 of Plaintiff's Complaint.

147. Defendant denies the allegations of Paragraph 147 of Plaintiff's Complaint.

148. Defendant incorporates by reference its answers to the allegations of Paragraphs 1 through 147 of the Complaint as if fully restated herein.

149. Defendant denies the allegations of Paragraph 149 of Plaintiff's Complaint.

150. Defendant denies the allegations of Paragraph 150 of Plaintiff's Complaint.

151. Defendant denies the allegations of Paragraph 151 of Plaintiff's Complaint.

152. Defendant incorporates by reference its answers to the allegations of Paragraphs 1 through 151 of the Complaint as if fully restated herein.

153. The allegations of Paragraph 153 call for a legal conclusion to which no response is required. Defendant denies any wrongdoing or misconduct.

154. The allegations of Paragraph 154 call for a legal conclusion to which no response is required. Defendant denies any wrongdoing or misconduct.

155. Defendant denies each and every allegation not expressly admitted to herein.

## AFFIRMATIVE DEFENSES

156. The Complaint fails to state a claim upon which relief can be granted against this Defendant.

157. Defendant is entitled to qualified immunity from any and all claims alleged against it under federal and state law.

158. Defendant is entitled to absolute immunity from any liability arising from any testimony that an officer may have been provided in any judicial proceedings.

159. Defendant is entitled to immunities and defenses available under Section 2744 of the Ohio Revised Code.

160. Plaintiff's claims and damages are limited or barred, in whole or in part, by the applicable statute of limitations.

161. Plaintiff's claims and damages are limited or barred, in whole or in part, by the affirmative defenses of waiver, estoppel and/or laches.

162. Plaintiff's alleged injuries and damages were not proximately caused by Defendant.

163. Plaintiff's claims and damages are limited or barred, in whole or in part, by the affirmative defenses of contributory negligence and comparative negligence.

164. Plaintiff's claims and damages are limited or barred, in whole or in part, the applicable statutory limitations.

165. Plaintiff's claims and damages are limited or barred, in whole or in part, by the failure to mitigate damages.

166. Plaintiff's claims and damages are limited or barred, in whole or in part, by the statutory and common law defenses of set-off, collateral source (R.C. 2307.20), contribution, and indemnity and may otherwise be capped.

167. Plaintiff's claims and damages are limited or barred, in whole or in part, by the statutory defenses and/or limitations that are applicable in determining the proportionate share of liability and/or in determining the amount of compensatory damages that may be owed by each individual defendant, including, but not limited to, the statutory defenses and limitations set forth in Ohio Rev. Code 2307.22 to 2307.29 and the statutory defenses and limitations set forth in Ohio Rev. Code 2315.32 to 2315.36.

168. Defendants at all times acted reasonably, lawfully and in good faith and/or with probable cause.

169. Plaintiff's request for attorney's fees and costs are limited or barred, in whole or in part, by limitations on attorney awards under 42 U.S.C. § 1988, Rule 54 of the Federal Rules of Civil Procedure, and Ohio law.

170. The intervening acts of persons other than this Defendant directly and proximately caused Plaintiff's injuries and superseded liability of this Defendant.

171. None of the Defendant violated any duty owed to Plaintiff.

172. Some or all of Plaintiff's claims for damages are speculative.

173. The conspiracy claims are barred by the intracorporate conspiracy doctrine.

174. Plaintiff Complaint fails to state and Plaintiff cannot satisfy any, let alone, all of the elements of a *Monell* claim.

175. Plaintiff's damages were not the proximate result of an unconstitutional policy, practice, custom, or the deliberate indifference of the City.

176. Some or all of Plaintiff's claims may be barred, in whole or in part, by the doctrines of collateral estoppel and res judicata.

177. Defendant reserves the right to amend its Answer to assert additional affirmative defenses that may arise during the course of this Litigation.

## PRAYER FOR RELIEF

**WHEREFORE,** having fully answered Plaintiff's Complaint, Defendant City of Cleveland respectfully requests that the Court dismiss all of the claims alleged against it, with prejudice, and enter a final judgment in its favor. Defendant further requests that the Court award all of the costs incurred in defending this civil action, including an award of reasonable attorney fees, under both 42 U.S.C. § 1988 and Fed. R. Civ. P. 54.

        Respectfully submitted,

        **BARBARA A. LANGHENRY (0038838)**
        **Director of Law, City of Cleveland**

**By:**    s/ Janeane R. Cappara
        JANEANE R. CAPPARA (0072031)
        Assistant Director of Law
        601 Lakeside Avenue
        City Hall, Room 106
        Cleveland, Ohio 44114-1077
        Email: jcappara@city.cleveland.oh.us

        *One of the Attorneys for Defendant*
        *City of Cleveland*

## **JURY DEMAND**

Defendant City of Cleveland hereby demands a trial by jury on all claims alleged against him in the Complaint.

                                          */s/ Janeane R. Cappara*
                                          Janeane R. Cappara (00723031)

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2018, the foregoing Answer was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              */s/ Janeane R. Cappara*
                                              Janeane R. Cappara