IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| EVIN KING, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Case No. 18-cv-02353 |
| v. | ) |
| | ) |
| CLEVELAND POLICE OFFICERS | ) |
| ROBERT MATUSZNY, GREGORY KUNZ, | ) |
| MICHAEL O'MALLEY, THOMAS | ) |
| MILLER, TIMOTHY ZBIKOWSKI, | ) |
| DENNIS GUNSCH, CITY OF | ) |
| CLEVELAND, a municipal corporation, | ) |
| ROBERT CHALLENER, KAY MAY, and | ) |
| ELIZABETH K. BALRAJ, Cuyahoga County | ) |
| Coroner sued in her individual and official | ) |
| capacities, and CUYAHOGA COUNTY, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**PLAINTIFF'S MOTION TO SUBSTITUTE PARTY AND
APPOINT SPECIAL REPRESENTATIVE FOR DEFENDANT CHALLENER**

Plaintiff, Evin King, through his counsel, Loevy & Loevy, under Federal Rule of Civil Procedure 25, moves to substitute a party in place of previously named Defendant Challener for whom there has been a suggestion of death and to appoint a special representative for that party. In support of this motion, Plaintiff states as follows:

1. On October 10, 2018, Plaintiff, Evin King, filed this lawsuit alleging that the various officers of the Cleveland Police Department and Cuyahoga County Coroner's Office Defendants framed him for a murder and rape that he did not commit. Doc. No. 1. As a result, Mr. King spent twenty three years in prison before he was exonerated. *Id*. Two of the Defendants—who were integrally involved in fabricating witness statements and forensic evidence against Plaintiff—are deceased: Robert Matuszny and Robert Challener.

1

2. Defendant Challener died on September 7, 2013 in Robertsdale, Alabama. *See* Robert Challner Obituary:

http://obits.cleveland.com/obituaries/cleveland/obituary.aspx?page=lifestory&pid=167110836.

Counsel for Plaintiff has been unable to locate an open estate for Challener.

3. On November 29, 2018, Defendants Cuyahoga County, May, and Balraj ("County Defendants") filed a suggestion of death notifying the Court of Defendant Challener's death. Doc. No. 24.

4. Federal district courts have the power to appoint special administrators when consistent with state law. *See e.g. Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 619 (6th Cir. 2010) (instructing district court to appoint Plaintiff to proceed as legal representative for wife's estate); *Anderson v. Romero*, 42 F.3d 1121, 1124-25 (7th Cir. 1994) (appointing attorneys of plaintiff in Section 1983 case as special administrators after plaintiff died intestate); *Rivera v. Lake County*, 974 F. Supp. 2d 1179, 1199 (N.D. Ill. 2013) (appointing city clerk as special representative for deceased defendants in wrongful conviction case); *Echavarria v. Roach et al.*, No. 16-cv-11118 (D. Mass.) (docket entry 92, text order dated 4/28/2017) (appointing son in representative capacity); *see also Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995) ("42 U.S.C. § 1988 authorizes us to borrow provisions of state law where necessary to provide a complete remedy in a suit under 42 U.S.C. § 1983.").

5. With respect to Plaintiff's claims against Challener, who died in Alabama, Plaintiff is advised that Alabama law does not provide for the appointment of special representatives for purposes of defending an action. While a probate judge may appoint a special administrator, under Alabama law, a special administrator's authority is limited. See *Smith v.*

*Snider*, 497 So. 2d 484, 486 (Ala. 1986) ("[A special administrator] has no authority to pay debts nor receive the presentation of claims.") (internal citation omitted).

6. Without a personal representative who can be sued, Plaintiff would not be able to pursue his claims against Challener. *West v. West*, 1997 WL 559477, at *5 (Ohio App. 1999) ("An estate cannot sue or be sued; any action for against it must be brought by or against the executor or personal representative of the decedent."). Because allowing Plaintiff's claims against Challener to abate would be contrary to the purpose of § 1983 and is inconsistent with the federal policy underlying the cause of action, this Court should appoint a special representative so that this action can be maintained. See *Robertson v. Wegmann*, 436 U.S. 584 (1978), and *Jaco v. Bloechle*, 739 F.2d 239, 243 (6th Cir. 1984) (holding when "a forum state's legislative enactments fail to provide for the survival of the § 1983 action in the manner contrary to that policy," that the federal court may "disregard the state law.").

7. In sum, because both the constitutional and state-law claims alleged by Plaintiff survive the death of Challener, *see Crabbs v. Scott*, 880 F.3d 292, 295 (6th Cir. 2018), and Plaintiff's claims have also been brought within the relevant statute of limitations, *see Ferritto v. Cuyahoga Cty.*, 2018 WL 1757410, at *3 (N.D. Ohio Apr. 12, 2018), this Court should appoint a special representative for Defendant Challener.

8. The special representative appointed for Challener need not be his heir. In fact, given that Defendant Challener is being sued in this case in connection with his forensic work, the same attorney represents all current and former members of the Cuyahoga County Coroner's Office, and given that Ohio law requires municipalities to indemnify judgments against their officers/employees, it makes sense to appoint an official, such as the Cuyahoga County Clerk to

serve as special representative of Challener. The current Cuyahoga County Clerk is Nailah K. Byrd.

9. Plaintiff has no preference as to which particular representative from Cuyahoga County or its insurer is appointed, provided that they participate in the case as required by the Federal Rules of Civil Procedure.

10. Should the Court grant Plaintiff's motion, Plaintiff will promptly comply with all requirements under Ohio law governing the substitution of a special representative in civil litigation. Specifically, Plaintiff will serve a copy of this motion upon the heir of Challener.

11. Plaintiff's counsel has conferred about this motion with counsel for the County Defendants. County Defendants have advised that they oppose the relief sought in this motion.

12. In order to comply with the dictate of Federal Rule of Civil Procedure 1 that cases be disposed of in a "just, speedy, and inexpensive" manner, Plaintiff asks this Court to grant the relief requested in this motion.

WHEREFORE, Plaintiff respectfully requests that this Court: (1) substitute the Estate of Defendant Challener as party Defendants for Defendants Challener; and (2) enter an order to appoint a special representative to defend this action as a representative of the Estate of Robert Challener.

RESPECTFULLY SUBMITTED,

/s/ Danielle Hamilton
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Danielle Hamilton
Mark Loevy-Reyes
LOEVY & LOEVY
311 North Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
hamilton@loevy.com

## CERTIFICATE OF SERVICE

I, Danielle Hamilton, certify that the foregoing motion was sent via CM/ECF to all counsel of record.

/s/ Danielle Hamilton
*One of Plaintiff's Attorneys*