# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **EVIN KING,** | ) | **CASE NO: 1:18-CV-02353** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | |
| **ROBERT MATUSNY, et al.** | ) | |
| | ) | **(Jury Demand Endorsed Hereon)** |
| | ) | |
| Defendant. | ) | |

## ANSWER OF DEFENDANTS CUYAHOGA COUNTY, KAY MAY, ESTATE OF DR. ROBERT CHALLENER, AND DR. ELIZABETH K. BALRAJ TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Cuyahoga County, Kay May, Estate of Robert Challener, and Dr. Elizabeth K. Balraj ("Defendants") submit the following answers and defenses to Plaintiff's Amended Complaint ("Complaint"):

## INTRODUCTION

1. Defendants deny the allegations contained in paragraphs 1, 2, and 3 of the Complaint.

2. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

3. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

1

4. Defendants admit that Plaintiff was arrested and spent approximately twenty-three years in prison. Defendants deny the remaining allegations contained in paragraph 6 of the Complaint.

5. Defendants deny the allegations contained in paragraphs 7, 8, 9, 10, 11, and 12 of the Complaint.

6. In response to the allegations contained in paragraph 13 of the Complaint, Defendants admit that Plaintiff was charged, prosecuted, and convicted of murder. Defendants further admit that he received a prison sentence. Defendants deny the remaining allegations contained in paragraph 13 of the Complaint.

7. In response the allegations contained in paragraph 14 of the Complaint, Defendants admit that Plaintiff was imprisoned for approximately twenty-three years. Defendants deny the remaining allegations in paragraph 14 of the Complaint.

8. Defendants deny the allegations contained in paragraph 15 of the Complaint.

## JURISDICTION AND VENUE

9. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 16, 17, and 18 of the Complaint. Moreover, the allegations contained in paragraphs 16, 17, and 18 of the Complaint call for legal conclusions.

## PARTIES

10. In response to the allegations contained in paragraph 19 of the Complaint, Defendants admit that Plaintiff spent time in prison. Defendants deny the remaining allegations contained in paragraph 19 of the Complaint for lack of knowledge to form a belief as to the truth thereof.

11. In response to the allegations contained in paragraph 20 of the Complaint, Defendants lack knowledge sufficient to form a belief as to the remaining allegations contained in paragraph 20 of the Complaint.

12. In response to the allegations contained in paragraph 21 of the Complaint, Defendants admit that Dr. Robert Challener worked for the Cuyahoga County Coroner's Office. Defendants deny that Dr. Challener is a party to this case. Defendants deny the remaining allegations contained in paragraph 21.

13. In response to the allegations contained in paragraph 22 of the Complaint, Defendants admit that Kay May was a forensic serologist at the Cuyahoga County Coroner's Office. Defendants deny the remaining allegations contained in paragraph 22 of the Complaint.

14. In response to the allegations contained in paragraph 23 of the Complaint, Defendants admit that Dr. Elizabeth K. Balraj was elected to the position of Cuyahoga County Coroner. Defendants deny the remaining allegations contained in paragraph 23 of the Complaint.

15. In response to the allegations contained in paragraph 24 of the Complaint, Defendants admit that Challener and May were employed by Cuyahoga County. Defendants deny the remaining allegations contained in paragraph 24 of the Complaint.

16. In response to the allegations contained in paragraph 25, Defendants admit that the City of Cleveland is a municipal corporation under the laws of the State of Ohio. Defendants are without knowledge sufficient to form a belief as to the remaining allegations contained in paragraph 25.

17. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint. Furthermore, the allegations contained in paragraph 26 of the Complaint constitutes a legal conclusion for which no response is necessary.

## ALLEGED FACTS

18. In response to the allegations contained in paragraph 27 of the Complaint, Defendants admit that (a) Crystal Hudson was murdered in 1994 and that her naked body was discovered in a closet in her apartment, and (b) Plaintiff was in the apartment at the time Ms. Hudson's body was discovered. Defendants deny the remaining allegations contained in paragraph 27 of the Complaint.

19. In response to the allegations contained in paragraph 28 of the Complaint, Defendants admit that Ms. Hudson's body showed signs of hemorrhaging at or near her rectal area, which might be consistent with anal sexual intercourse or rape. Defendants deny the remaining allegations contained in paragraph 28 of the Complaint.

20. Defendants deny the allegations contained in paragraph 29 of the Complaint for lack of knowledge sufficient to form a belief as to the truth of those allegations.

21. In response to the allegations contained in paragraph 30 of the Complaint, Defendants admit that spermatozoa heads were found on Ms. Hudson's body, including at or near her rectum. Defendants deny the remaining allegations contained in paragraph 30 of the Complaint.

22. In response to the allegations contained in paragraph 31 of the Complaint, Defendants admit that spermatozoa heads were found on Crystal Hudson's body and that fingernail scrapings were taken. Defendants deny the remaining allegations contained in paragraph 31 of the Complaint.

23. Defendants deny the allegations contained in paragraphs 32, 33 and 34 of the Complaint.

24. Defendants deny the allegations contained in paragraph 35 of the Complaint for lack of knowledge sufficient to form a belief as to the truth of those allegations.

25. Defendants deny the allegations contained in paragraph 36 of the Complaint.

26. In response to the allegations contained in paragraph 37, Defendants admit that it received articles of Plaintiff's clothing and these articles of clothing were analyzed. Defendants deny the remaining allegations contained in paragraph 37 of the Complaint.

27. Defendants deny the allegations contained in paragraph 38 of the Complaint for lack of knowledge sufficient to form a belief as to the truth of those allegations.

28. Defendants deny the allegations contained in paragraph 39 of the Complaint.

29. Defendants deny the allegations contained in paragraphs 40 and 41 of the Complaint for lack of knowledge sufficient to form a belief as to the truth of those allegations.

30. In response to the allegations contained in paragraph 42, Defendants admit that tissue scraping taken underneath Ms. Hudson's fingernails were recently determined to share DNA with the DNA of the spermatozoa. Defendants deny the remaining allegations contained in paragraph 42 of the Complaint.

31. Defendants deny the allegations contained in paragraph 43 of the Complaint.

32. Defendants deny the allegations contained in paragraphs 44, 45, 46, 47, 48, 49, 50 51, 52, 53, and 54 of the Complaint for lack of knowledge sufficient to form a belief as to the truth of those allegations.

33. Defendants deny the allegations contained in paragraphs 55, 56, 57, and 58 of the Complaint.

34. The allegations contained in paragraph 59 are incomprehensible as written and, therefore, are denied.

35. Defendants deny the allegations contained in paragraphs 60, 61, 62, and 63 of the Complaint.

36. In response to the allegations contained in paragraph 64, Defendants deny that they offered false opinions. Defendants further deny the remaining allegations contained in paragraph 64.

37. Defendants deny the allegations contained in paragraph 65 of the Complaint.

38. In response to the allegations contained in paragraph 66, Plaintiff fails to identify the "report," therefore, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

39. Defendants deny the allegations contained in paragraphs 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, and 83 of the Complaint.

40. In response the allegation contained in paragraph 84 of the Complaint, Defendants admit that Plaintiff's criminal case was tried to a jury in 1995. Defendants deny the remaining allegations contained in paragraph 84 of the Complaint.

41. Defendants deny the allegations contained in paragraph 85 of the Complaint.

42. Defendants admit the allegations contained in paragraph 86 of the Complaint.

43. Defendants deny the allegations contained in paragraphs 87 and 88 of the Complaint.

44. Defendants deny the allegations contained in paragraph 89 of the Complaint for lack of knowledge sufficient to form a belief as to the truth of those allegations.

45. In response to the allegations contained in paragraph 90 of the Complaint, Defendants admit that the Cuyahoga County Prosecutor's office undertook a review of Plaintiff's

6

case. Defendants are without knowledge sufficient to form a belief as to the remaining allegations contained in paragraph 90 of the Complaint.

46. In response to the allegations contained in paragraphs 91 and 92, Defendants admit that the Prosecutor's Office filed an unopposed motion to vacate Plaintiff's conviction. This unopposed motion requested that the Cuyahoga County Court of Common Pleas vacate Evin King's conviction, order him returned from Grafton Correctional Institution, and grant him "reasonable bail pending further investigation." Defendants deny the remaining allegations contained in paragraphs 91 and 92.

47. Defendants deny the allegations contained in paragraph 93 of the Complaint.

48. Defendants deny the allegations contained in paragraph 94 of the Complaint for lack of knowledge sufficient to form a belief as to the truth of those allegations.

49. Defendants deny the allegations contained in paragraphs 95, 96, and 97 of the Complaint.

50. Defendants deny the allegations contained in paragraph 98 of the Complaint for lack of knowledge sufficient to form a belief as to the truth of those allegations.

51. Defendants deny the allegations contained in paragraph 99 of the Complaint.

## COUNT I

52. In response to the allegations contained in paragraph 100, Defendants incorporate their responses to paragraphs 1-99 of Plaintiff's Complaint.

53. Defendants deny the allegations contained in paragraphs 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, and 117 of the Complaint.

54. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of Plaintiff's Complaint.

55. Defendants deny the allegations contained in paragraphs 119 and 120 (a)-(o).

## COUNT II

56. In response to the allegations contained in paragraph 121, Defendants incorporate their responses to paragraphs 1-120 of Plaintiff's Complaint.

57. Defendants deny the allegations contained in paragraphs 122, 123, 124, 125, 126, 127, 128, 129, and 130 of Plaintiff's Complaint.

## COUNT III

58. In response to the allegations contained in paragraph 131, Defendants incorporate their responses to paragraphs 1-130 of Plaintiff's Complaint.

59. Defendants deny the allegations contained in paragraphs 132, 133, 134, 135, 136, and 137.

## COUNT IV

60. In response to the allegations contained in paragraph 138, Defendants incorporate their responses to paragraphs 1-137 of Plaintiff's Complaint.

61. Defendants deny the allegations contained in paragraph 139, 140, 141, 142, 143, and 144.

## COUNT V

62. In response to the allegations contained in paragraph 145, Defendants incorporate herein their responses to paragraphs 1-144 of Plaintiff's Complaint.

63. In response to the allegations contained in paragraph 146 and 147, Defendants deny there were constitutional violations. Therefore, the remaining allegations contains in paragraph 146 and 147 are untrue and denied.

64. Defendants deny the allegations contained in paragraphs 148, 149, and 150 of the Complaint.

## COUNT VI

65. In response to the allegations contained in paragraph 151, Defendants incorporate herein their responses to paragraphs 1-150 of Plaintiff's Complaint.

66. Defendants deny the allegations contained in paragraphs 152, 153, and 154 of the Complaint.

67. Paragraph 155 calls for legal conclusions and, therefore, is denied.

68. Defendants deny the allegations contained in paragraph 156 of the Complaint.

## COUNT VII

69. In response to the allegations contained in paragraph 157, Defendants incorporate herein their responses to paragraphs 1-156 of Plaintiff's Complaint.

70. Defendants deny the allegations contained in paragraphs 158, 159, and 160

71. Paragraph 161 calls for legal conclusions and, therefore, is denied.

72. Defendants deny the allegations contained in paragraphs 162 and 163 of the Complaint.

## COUNT VIII

73. In response to the allegations contained in paragraph 164, Defendants incorporate herein their responses to paragraphs 1-163 of Plaintiff's Complaint.

74. Defendants deny the allegations contained in paragraphs 165 of the Complaint.

75. Paragraph 166 calls for a legal conclusion and, therefore, is denied.

76. Defendants deny the allegations contained in paragraphs 167 and 168 of the Complaint.

## COUNT IX

77.     In response to the allegations contained in paragraph 169, Defendants incorporate herein their responses to paragraphs 1-168 of Plaintiff's Complaint.

78.     Defendants deny the allegations contained in paragraphs 170 and 171 of the Complaint.

79.     Paragraph 172 calls for a legal conclusion and, therefore, is denied.

80.     Defendants deny the allegations contained in paragraphs 173 and 174 of the Complaint.

## COUNT X

81.     In response to the allegations contained in paragraph 175, Defendants incorporate herein their responses to paragraphs 1-174 of Plaintiff's Complaint.

82.     Paragraph 176 calls for a legal conclusion and, therefore, is denied.

83.     Defendants deny the allegations contained in paragraphs 177 and 178.

## COUNT XI

84.     In response to the allegations contained in paragraph 179, Defendants incorporate herein their responses to paragraphs 1-178 of Plaintiff's Complaint.

85.     Defendants deny the allegations contained in paragraph 180 and 181 because said allegations call for a legal conclusion.

86.     To the extent any allegations have not been expressly addressed above, they are expressly denied.

## AFFIRMATIVE DEFENSES

1.     Plaintiff fails to state a claim upon which relief may be granted.

2.     Defendants are entitled to qualified immunity

3. Plaintiff has failed to exhaust his administrative remedies.

4. At all times Defendants acted reasonably and in good faith.

5. The cause or causes of action fail for want of commencement and insufficiency of process or service of process.

6. Plaintiff's alleged injuries and damages may be the direct and proximate result of the acts or omissions of Plaintiff or an intervening third party.

7. The Defendants' conduct was at all times privileged.

8. Plaintiff's claims are barred by judicial estoppel.

9. Plaintiff's claims are barred because he has not been found or determined innocent with respect to the charges against him.

10. Plaintiff's claims are barred in whole or in part under R.C. 2307.60.

11. The Estate of Robert Challener does not exist and, therefore, is not a proper party to this action.

12. Plaintiff's claims against the Estate of Robert Challener are barred pursuant to Chapter 2117 of the Ohio Revised Code, as Plaintiff failed to timely present his claims.

13. Defendants are entitled to all immunities afforded under federal and state law, including, but not limited to prosecutorial immunity, absolute immunity, qualified immunity, and immunity under R.C. 2744.01 et seq.

14. Plaintiff's claims are barred by waiver, laches, estoppel, and/or unclean hands.

15. This Court lacks subject matter jurisdiction over Plaintiff's claims.

16. Plaintiff's claims are barred in whole or in part by the doctrine of res judicata and/or collateral estoppel.

17. Defendants are entitled to absolute immunity from liability from testimony they may have provided in legal proceedings.

18. Plaintiff's claims are barred by the applicable statute of limitations.

19. Defendants were not the proximate cause of Plaintiff's injuries.

20. Plaintiff's claims are barred, in whole or in part, by the defenses of contributory and/or comparative negligence.

21. Plaintiff's claim for punitive damages is barred as to one or more of the Defendants.

22. Plaintiff's claims are barred by the intra-corporate conspiracy doctrine.

23. Plaintiff's claims are barred by the doctrines of collateral estoppel and/or res judicata.

24. Plaintiff has failed to mitigate his damages.

25. Plaintiff's claims are barred due to the independent acts/decisions of others over whom Defendants had no control over the decision to charge Plaintiff.

26. Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution.

27. One or more of Plaintiff's claims are not ripe for judicial review.

28. Defendants reserve the right to amend their Answer to assert additional affirmative defenses that may arise during the course of this litigation.

Having fully answered Plaintiff's Complaint, Defendants respectfully request that the Court dismiss all of the claims alleged against them, with prejudice, and enter a final judgment in their favor. Defendants further request that the Court award all costs and attorney fees incurred by them pursuant to 42 U.S.C. 1988 and Fed. R. Civ. P. 54.

        Respectfully submitted,

        MICHAEL C. O'MALLEY, PROSECUTING
        ATTORNEY OF CUYAHOGA COUNTY, OHIO

By:   */s/ Brendan D. Healy*
_____
DAVID G. LAMBERT (0030273)
Assistant Prosecuting Attorney
The Justice Center. Courts Tower
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113
Tel: (216) 443-7829
Email: dlambert@prosecutor.cuyahogacounty.us
BRENDAN D. HEALY (0081225)
Assistant Prosecuting Attorney
The Justice Center, Courts Tower
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113
Tel: (216) 698-6447
Fax: (216) 443-7602
Email: bhealy@prosecutor.cuyahogacounty.us

***Attorneys for Defendants Cuyahoga County, Estate of Robert Challener, Kay May, and Elizabeth K. Balraj, M.D.***

## JURY DEMAND

Defendants demand a trial by jury on all claims alleged against them in the Complaint.

/s/ Brendan D. Healy_____
BRENDAN D. HEALY (0081225)