IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Evin King,** | ) | Case No. 1:18-CV-02353 |
| | ) | |
| **Plaintiff,** | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | Magistrate Judge Jonathan D. Greenberg |
| | ) | |
| **Robert Matuszny,** *et al.,* | ) | **DEFENDANTS ESTATE OF ROBERT** |
| | ) | **MATUSZNY, GREGORY KUNZ,** |
| **Defendants.** | ) | **MICHAEL O'MALLEY, DENNIS** |
| | ) | **GUNSCH, THOMAS MILLER,** |
| | ) | **TIMOTHY ZBIKOWSKI AND CITY OF** |
| | ) | **CLEVELAND'S JOINT RESPONSE TO** |
| | ) | **SHOW CAUSE ORDER** |
| | ) | |
| | ) | |

## I.     INTRODUCTION

This Court has ordered all parties to explain whether Defendant Kay May's notice of bankruptcy affects the litigation of this case as a whole or only the claims against Defendant May specifically.  Defendants Estate of Robert Matuszny, Gregory Kunz, Michael O'Malley, Dennis Gunsch, Thomas Miller, Timothy Zbikowski ("police officer defendants") and the City of Cleveland jointly submit this response to the court's show-cause order.

## II.     LEGAL ANALYSIS

**A.     The automatic bankruptcy stay applies to an action against a "debtor" and/or to obtain estate property.**

Title 11, Section 362(A)(1) of the U.S. Code imposes an automatic stay on the commencement or continuation of a judicial action or proceeding "against the debtor."  The purpose of the stay is not to prevent the exercise of *any* party's rights but to prevent any creditor

from becoming a self-determined arbiter of what constitutes property of the debtor's estate or what actions are permitted or prohibited by the stay. *In Re: Johnson*, 548 B.R. 770 (S.D. Ohio 2016). The determination of what constitutes property of the estate and what actions are permitted or prohibited by the stay falls within the exclusive jurisdiction of the bankruptcy court. *In Re Elrod*, 523 B.R. 790 (W.D. Tenn. 2015).

In addition, 11 U.S.C. §362(a)(3) imposes an automatic stay on any action to obtain possession or control over estate property *regardless* of whether the action at issue has been taken against the debtor or non-debtor third parties. *In Re Republic Technologies International, LLC,* 275 B.R. 508, 511-512 (N.D. Ohio 2002).

It is important to note, though, that the automatic stay does not preclude the remaining parties in an underlying matter from conducting discovery regarding the debtor, including taking the debtor's deposition. *In Re: Privit*, 557 B.R. 580 (S.D. Ohio 2016).

Parties requesting relief from the stay under the for-cause provision of 11 U.S.C. §362(d)(1) bear the initial burden of making a prima facie showing that they have factual and legal rights to the relief sought. *In Re Theodore Mason*, 514 B.R. 852 (E.D. Ky. 2014). Plaintiff apparently concedes this point because he filed a motion in the bankruptcy court seeking relief from the stay. (Plaintiff's motion for relief, Exhibit A). Thus, the bankruptcy court must now decide whether to lift the stay.

**B.     The automatic stay can extend to non-debtors.**

The automatic stay generally "stays actions only against a debtor." *McCartney v. Integra Nat'l Bank North*, 106 F.3d 506, 509 (3d Cir. 1997). The stay does not ordinarily bar an action against non-debtors, nor can non-debtors invoke protection of the stay. *Id.* at 509-510.

That said, federal courts do extend the automatic stay to non-debtor parties when "unusual circumstances" exist. *Id*; *see also Forcine Concrete & Const. Co., Inc. v. Manning Equipment,* 426 B.R. 520, 523 (E.D. Pa. 2010). Federal caselaw recognizes two primary categories of "unusual circumstances." The first concerns circumstances where the stay is essential to the debtor's efforts to reorganize. The second is where there is such identity between the debtor and non-debtor that the debtor may be said to be the real-party defendant, and the judgment against the non-debtor will in effect be a judgment against the debtor. *Id*. at 523-524.

Here, the parties have not had the opportunity to engage in any discovery. Plaintiff's complaint alleges (1) direct claims against Ms. May; (2) that May was involved in a conspiracy with other defendants; and (3) that Cuyahoga County is vicariously liable for May's conduct. The police officer defendants and the City of Cleveland cannot yet opine on whether May has such a close identity to the County to trigger the exception to extending the stay to other defendants in this case.

**C.      This court has inherent power to stay actions.**

"[A] district court has broad discretion to manage its docket." *American Civil Liberties Union of Ky. v. McCreary Cty., Ky.*, 607 F.3d 439, 451 (6th Cir. 2010). This inherent power "to process litigation to a just and equitable conclusion" is a power that the judiciary is free, within reason, to exercise "in flexible, pragmatic ways." *In re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d 1007, 1011 n.2 (1st Cir. 1988). A district court also "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Jones v. Bradshaw*, 2010 WL 11489254, *1 (N.D. Ohio) ("Inherent in a federal court's ability to hear a case is its ability to stay a case and hold it in abeyance.

3

While the automatic stay does not generally apply to proceedings against non-debtor co-defendants, trial courts sometimes exercise their inherent power to stay an entire action against all defendants until the bankruptcy court lifts the stay or grants relief from the stay to bankruptcy creditors.

### III.   CONCLUSION

The automatic stay generally applies only to a debtor and the debtor's estate.  The stay may be extended to protect non-debtors if this Court deems the debtor to have a close nexus and relation to a non-debtor.  Or this Court may exercise its inherent power to stay this entire action.

The police defendants and City of Cleveland do not advocate for or against imposing the stay on all non-debtor parties to this case.

Respectfully submitted,

| | |
|---|---|
| *William M. Menzalora email approval 4/12/19* | */s Kenneth A. Calderone* |
| William M. Menzalora (0061136) | Kenneth A. Calderone (0046860) |
| Michael J. Pike (0074063) | John R. Chlysta (0059313) |
| Janeane R. Cappara (0072031) | Anne M. Markowski (0069705) |
| City of Cleveland, Department of Law | Hanna, Campbell & Powell, LLP |
| 601 Lakeside Avenue, Room 106 | 3737 Embassy Parkway, Suite 100 |
| Cleveland, Ohio 44114 | Akron, OH  44333 |
| Telephone:  (216) 664-2800 | Telephone:  (330) 670-7324 / (330) 670-7305 |
| Facsimile:   (216) 664-2663 |                        (330) 670-7601 |
| Email:  wmenzalora@city.cleveland.oh.us | Facsimile:   (330) 670-7440 / (330) 670-7442 |
|             mpike@city.cleveland.oh.us |                        (330) 670-7456 |
|             jcappara@city.cleveland.oh.us | Email:  kcalderone@hcplaw.net |
| *Attorneys for Defendant, City of Cleveland* |             jchlysta@hcplaw.net |
| | amarkowski@hcplaw.net |
| | *Attorneys for Defendants Estate of Robert Matuszny, Gregory Kunz, Michael O'Malley, Thomas Miller, Timothy Zbikowski, and Dennis Gunsch* |

## CERTIFICATE OF SERVICE

       This document was filed on April 15, 2019, using the Court's CM/ECF system, which will send notification of such filing to all parties. Parties may access this document through the Court's electronic filing system. Copies of this filing were mailed to the parties not on the Court's electronic filing system.

                                          */s/ Kenneth A. Calderone*
                                          Kenneth A. Calderone (0046860)
                                          John R. Chlysta (0059313)
                                          Anne M. Markowski (0069705)
                                          *Attorneys for Defendants Estate of Robert Matuszny, Gregory Kunz, Michael O'Malley, Thomas Miller, Timothy Zbikowski, and Dennis Gunsch*

<<HCP #1043383-v1>>