**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EVIN KING,** | ) | **CASE NO. 1:18-cv-02353** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE DAN AARON POLSTER** |
| **vs.** | ) | |
| | ) | **Magistrate Judge Jonathan D. Greenberg** |
| **ROBERT MATUSZNY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT ESTATE OF DR. ROBERT CHALLENER'S MOTION FOR**
**JUDGMENT ON THE PLEADINGS**

Defendant Estate of Dr. Robert Challener (Challener's Estate) moves this Honorable Court for an Order dismissing all of Plaintiff's claims pursuant Fed. R. Civ. P. 12(c). Plaintiff failed to either timely present claims against Challener's Estate pursuant to R.C. 2117.06 or perfect service on the Estate. Moreover, Plaintiff has failed to state a plausible claim for relief against Challener's Estate. Finally, Challener's Estate is entitled to qualified immunity as to all of Plaintiff's federal claims. This Motion is supported by the accompanying memorandum.

Respectfully submitted,

MICHAEL C. O'MALLEY, PROSECUTING
ATTORNEY OF CUYAHOGA COUNTY, OHIO

By:     */s/ Brendan D. Healy*_____
DAVID G. LAMBERT (0030273)
Assistant Prosecuting Attorney
Email: dlambert@prosecutor.cuyahogacounty.us
BRENDAN D. HEALY (0081225)
Assistant Prosecuting Attorney
The Justice Center, Courts Tower
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113
Tel: (216) 698-6447 / Fax: (216) 443-7602
Email: bhealy@prosecutor.cuyahogacounty.us

1

Attorney for Defendants Cuyahoga County;
Kay May, Elizabeth K. Balraj, M.D. , and Estate of
Dr. Robert Challener

## MEMORANDUM IN SUPPORT

### STATEMENT OF FACTS

The Estate of Dr. Challener ("Challener's Estate") incorporates the Statement of Facts set forth in Cuyahoga County, Kay May, and Dr. Balraj's Motion for Judgment on the Pleadings.[1] In addition, this Court previously dismissed Challener from this lawsuit on November 25, 2018.[2] In the amended Complaint, Plaintiff attempts to allege claims against Challener's Estate, despite this Court only granting Plaintiff leave to amend his complaint to correct the various pleading deficiencies in his original lawsuit. Not only did Plaintiff fail to correct these pleading deficiencies, he also asserted untimely claims against Challener's Estate. And as of the date of filing this Motion, Plaintiff has not perfected service on Challener's as required under Fed. R. Civ. P. 4(m).[3]

### LEGAL ANALYSIS

In ruling on a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c), a court must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief."[4]  Courts have recognized a crucial distinction between pleading facts and legal conclusions for ruling on dispositive motions: "a legal conclusion couched as a factual allegation" need not be accepted as true.[5]  The factual allegations must "raise a right to relief above the speculative level."[6]  The complaint must state a claim that is plausible on its face – i.e., the court must be able to draw a "reasonable inference" that the defendants are liable for the misconduct

---

[1]       *See* Doc. #62.
[2]       *See* Doc. #25.
[3]       *See* Doc. #1-2.
[4]       *Aho v. Cleveland-Cliffs, Inc.*, 219 F.App'x 419, 422 (6th Cir.2007).
[5]       *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007).
[6]       *Id.*

alleged."[7]  Bare legal conclusions and formulaic recitations of the elements of a cause of action will

not do.[8]  A plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me

accusation."[9]

Here, Plaintiff's claims against Challener's Estate should be dismissed. Plaintiff's claims against

Challener's Estate are barred because Plaintiff failed to present his claims within six months after

Challener's death on September 7, 2013, as required under R.C. 2117.06. Plaintiff further has not

served Challener's Estate with a copy of a summons and the Amended Complaint. Additionally,

Plaintiff's malicious prosecution and intentional infliction of emotional distress claims do not survive

the death of Challener and, therefore, are not actionable. Assuming arguendo, however, that Plaintiff's

claims may proceed against Challener's Estate, Plaintiff failed to plead factual allegations to support

plausible claims under federal or state law against Challener's Estate. Finally, Challener's Estate is

entitled to absolute and qualified immunity for any of his alleged conduct. Accordingly, Challener's

Estate should be dismissed pursuant to Fed. R. Civ. P. 12(c).

## I.     PLAINTIFF'S CLAIMS AGAINST CHALLENER'S ESTATE WERE NOT TIMELY PRESENTED PURSUANT TO R.C. 2117.06.

Plaintiff's claims against Challener's Estate are barred because they were not timely presented

under R.C. 2117.06(B). Under R.C. 2117.06(B) and (C), a claim against an estate must be filed within

six months after the death of the decedent, otherwise any claims against the estate are forever barred:

> (B) Except as provided in section 2117.061 of the Revised Code, all claims shall be presented within six months after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that six-month period. Every claim presented shall set forth the claimant's address.

> (C) Except as provided in section 2117.061 of the Revised Code, **a claim that is not presented within six months after the death of the decedent shall be forever barred as to all parties, including, but not limited to, devisees, legatees, and distributees.** No payment shall be made on the claim and no action shall be

---

[7]     *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (citation omitted).
[8]     *Twombly*, 550 U.S. at 555.
[9]     *Iqbal*, 556 U.S. at 678.

maintained on the claim, except as otherwise provided in sections 2117.37 to 2117.42
of the Revised Code with reference to contingent claims. [Emphasis added.]

It is undisputed that Challener died in September 2013. (Doc. # 25). Moreover, Plaintiff first asserted

claims against Challener's Estate on March 19, 2019 – more than four years after Challener's death.

Accordingly, Plaintiff failed to bring his claims against Challener's Estate within six months.

Therefore, Plaintiff's claims should be dismissed.

## II.     PLAINTIFF FAILED TO PERFECT SERVICE OF PROCESS.

Under Fed. R. Civ. P. 4(m), a plaintiff must perfect service within 90 days of filing a complaint,

otherwise the lawsuit may be dismissed. Plaintiff filed his Amended Complaint on March 19, 2019.

Therefore, it has been well 95 days since Plaintiff filed his Amended Complaint, and Plaintiff has made

no attempt to serve Challener's purported Estate. Accordingly, Plaintiff's claims against Challener's

Estate should be dismissed.

## III.    PLAINTIFF'S CLAIMS DO NOT SURVIVE DR. ROBERT CHALLENER'S
         DEATH.

Even if R.C. 2117.06 does not bar Plaintiff's claims, Plaintiff's malicious prosecution and state

law emotional distress claims do not survive Challener's death.[10] The Estate of Robert Matuszny

sufficiently briefed this argument on pages 11-13 of its Motion to Dismiss (Doc. #49-1) and on pages

of 8 and 9 of his reply (Doc #62), and those arguments are expressly incorporated herein. Based on

those same arguments, Challener's Estate should also be dismissed.

## IV.     PLAINTIFF'S FEDERAL CLAIMS SHOULD BE DISMISSED.

In response to Plaintiff's federal claims, Challener's Estate incorporates the arguments in

Sections I(B)-(F) of Cuyahoga County, Kay May, and Dr. Balraj's Motion for Judgment on the

---

[10]     *See State ex. rel. Crow v. Weygandt,* 170 Ohio St. 81 (1959).

Pleadings.[11] The following briefly recites those arguments as they apply to the claims against Challener's Estate.

### A. **Plaintiff has failed to assert plausible due process claims against Challener's Estate**.

Plaintiff has failed to allege sufficient facts to demonstrate Challener's Estate violated Plaintiff's Fourteenth Amendment rights based on an alleged *Brady* violation. Plaintiff alleges that his *Brady* rights were violated under the due process clause of the 14th Amendment because Challener purportedly withheld, destroyed, or fabricated exculpatory evidence.[12] "There are three essential components of a true *Brady* violation: the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued."[13]

Here, Plaintiff does not identify a single report, authored by Challener, that was used in connection with Plaintiff's criminal case and that contained purportedly false opinions or findings.[14] Nor has Plaintiff identified the exculpatory evidence that Challener purportedly destroyed. Plaintiff's barebones assertions are insufficient to establish a due process claim against Challener's Estate and, therefore, should be dismissed.

### B. **Plaintiff's Fourth Amendment malicious prosecution claim is meritless**.

Plaintiff's Fourth Amendment malicious prosecution claim also fails. The elements of a malicious prosecution claim are: a criminal prosecution was initiated; defendant made, influenced, or participated in the prosecution decision; there was no probable cause to support the charges; plaintiff

---

[11]      *See* Doc. #61.
[12]      *See Strickler v. Greene*, 527 U.S. 263, 265, 119 S.Ct. 1936 (1999); *Stillwagon v. City of Delaware*, 175 F. Supp. 3d 874, 900-901 (S.D. Ohio 2016).
[13]      *Strickler*, 527 U.S. at 265.
[14]      *See, generally* Plaintiff's Amended Complaint.

suffered a deprivation of liberty "apart from the initial seizure"; and the criminal proceedings ended in plaintiff's favor.[15]

Plaintiff has failed to identify how Challener participated in or influenced the decision to prosecute Plaintiff for the murder of Crystal Hudson.[16] Additionally, medical examiners do not accuse people of crimes, bring charges, or determine whether probable cause exists to either arrest or hold an inmate for prosecution. Finally, Plaintiff's criminal case did not terminate in his favor.[17] To support a malicious prosecution claim, a plaintiff must establish that there was a reversal, expungement, or invalidation of Plaintiff's conviction/sentence.[18] The trial court merely dismissed Plaintiff's criminal case *without prejudice*.[19] As such, Plaintiff cannot prove, nor has he pled, all the essential elements of his malicious prosecution claim.

### C. Plaintiff has failed allege a plausible failure to intervene claim against Challener's Estate.

Plaintiff's failure to intervene claim should also be dismissed.[20] To plausibly state a failure-to-intervene claim, a plaintiff must show that the defendants "(1) observed or had reason to know that [constitutional harm] would be or was [taking place], and (2) had both the opportunity and the means to prevent the harm from occurring."[21] Plaintiff fails to identify who amongst the County Defendants, if anyone at all, failed to prevent an alleged constitutional harm from occurring. Plaintiff generically refers to Defendants in his Amended Complaint. Moreover, Plaintiff does not allege any plausible facts showing how Challener knew of an alleged constitutional harm that Plaintiff was about to suffer,

---

[15]     *Miller v. Maddox*, 866 F.3d 386, 389 (6th Cir.2017), citing *Sykes v. Anderson*, 625 F.3d 294, 308-309 (6th Cir. 2010).
[16]     *Id.*
[17]     *Heck v. Humphrey*, 512 U.S. 477, 489, 114 S.Ct. 2364 (1994).
[18]     *Id.*
[19]     *See* Dismissal Without Prejudice, Cuyahoga County Case No. CR-94-312586-ZA (Oct. 17, 2017), attached as "Exhibit B" to Cuyahoga County, Kay May, and Dr. Balraj's Motion for Judgment on the Pleadings.
[20]     *Virgil v. City of Newport*, E.D.Ky. No. 16-224-DLB-CJS, 2018 U.S. Dist. LEXIS 3708, at *32 (Jan. 9, 2018), citing *Sheffey v. City of Covington*, 564 F. App'x 783, 793 (6th Cir. 2014), quoting *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997).
[21]     *Virgil* at *32, citing *Sheffey v. City of Covington*, 564 F. App'x 783, 793 (6th Cir. 2014), quoting *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997).

and how he could have prevented it. Such vagaries make it impossible for Challener and the Court to know whether Challener even had a "realistic opportunity"[22] to intercede to stop the alleged constitutional harm. Plaintiff merely recites the elements of a failure to intervene claim under § 1983 and provides no factual grounds to support a plausible claim under *Iqbal*. Therefore, Plaintiff's failure to intervene claim should be dismissed.

D.     **Plaintiff's supervisory liability claim is baseless**.

Although it does not appear that Plaintiff is asserting a supervisory liability claim against Challener's Estate, he vaguely alleges that Challener supervised some unidentified staff members in the Coroner's office.[23] An individual-capacity claim against a supervisor for failure to train or supervise an offending subordinate is actionable if that supervisor: (1) "encouraged the specific incident of misconduct or in some other way directly participated in it" or (2) "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct."[24] Plaintiff alleges that only Dr. Balraj, May, and Challener violated his constitutional rights. Plaintiff's Amended Complaint contains no allegations suggesting that Challener supervised or trained Dr. Balraj or May. Nor does Plaintiff identify anyone else in his Complaint that Challener failed to supervise and who purportedly violated Plaintiff's constitutional rights. For these reasons, Plaintiff fails to allege a plausible supervisory liability claim against Challener's Estate under § 1983.

E.     **Plaintiff cannot establish that Challener conspired with anyone to allegedly deprive Plaintiff of his Constitutional rights**.

Plaintiff cannot establish the essential elements of civil conspiracy claim. To establish a civil conspiracy, a plaintiff must allege "'that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was

---

[22]     *Wells v. City of Dearborn Heights*, 538 F. App'x 631, 640 (6th Cir. 2013).

[23]     *See* Plaintiff's Amended Complaint, ¶21.

[24]     *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982); *see Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016).

committed' in furtherance of the conspiracy that caused the injury."[25] Moreover, it is well-settled that

conspiracy claims must be pled with some degree of specificity."[26] "[V]ague and conclusory allegations

unsupported by material facts will not be sufficient to state such a claim under § 1983."[27] Here, Plaintiff

has failed to allege any factual allegations to support his assertion that Challener conspired with anyone

in this case to deprive Plaintiff of his constitutional rights. Therefore, Plaintiff has failed to state a

plausible constitutional claim against Challener's Estate.

F.    **Challener's testimony at Plaintiff's criminal trial is protected by absolute witness immunity**.

Challener's Estate is entitled to absolute witness immunity against <u>all</u> of Plaintiff's

constitutional claims that are based on his alleged testimony at Plaintiff's criminal trial. The law is

clear: trial testimony – even if perjured – cannot serve as the basis for liability under §

1983.[16] Witnesses who testify in judicial proceedings are protected by absolute

immunity.[17] "Testimony at adversarial proceedings is the most historically grounded of these functions

which merit absolute immunity."[18] So, to the extent Plaintiff premises any

of his constitutional claims (e.g., due process and malicious prosecution claims) on Challener's

allegedly false trial testimony, the doctrine of absolute witness immunity bars Plaintiff's claims.

V.    **CHALLENER'S ESTATE IS ENTITLED TO QUALIFIED IMMUNITY AS TO ALL OF PLAINTIFF'S CONSTITUTIONAL CLAIMS.**

Qualified immunity entitles a party to "immunity from suit rather than a mere defense to

liability."[28] To determine at the pleading stage whether a defendant is entitled to qualified immunity

from suit, the court looks at whether: (1) the well-pleaded facts make out "a violation of a

constitutional right" and (2) "the right at issue was clearly established *at the time of defendant's alleged*

---

25    *Id.*
26    *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir.2014), citing *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).
27    *Id.*
28    *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985).

*misconduct.*"[29] A public official asserting a qualified immunity defense may be held subject to suit for violating that right only if "[t]he contours of the right (are) sufficiently clear [such] that a reasonable official would understand that what he is doing violates that right."[30]

### A.  Challener's Estate is entitled to qualified immunity as Plaintiff's due process claims.

At the time of Plaintiff's criminal conviction, it was not clearly established that a county coroner employee had an obligation to disclose exculpatory evidence. While *Brady* established the duty of prosecutors to disclose exculpatory material, its holding was limited to prosecutors.[31] In *D'Ambrosio v. Marino*, this Court concluded that "the duty of prosecutors to disclose exculpatory or impeachment evidence to criminal defendants does not extend to coroners."[32] This Court acknowledged that in *Moldowan v. City of Warren,* 578 F.3d 351, 376 (6th Cir.2009), the Sixth Circuit expanded the *Brady* obligation to police officers.[33] But this Court concluded that *Moldowan* did not expand the *Brady* obligation to county coroners and, even it did, *Moldowon* was decided twenty-one years <u>after</u> the coroner performed the autopsy. Therefore, this Court held there was no constitutional duty, let alone a firmly established one, for a county coroner or its employees to evaluate and disclose exculpatory or impeachment evidence to criminal defendants or prosecutors.[34]

Plaintiff attempts to extend a *Brady* obligation to Challener for allegedly concealing, destroying, or fabricating evidence. The State convicted Plaintiff in 1995. Even assuming arguendo that Challener concealed, destroyed, or fabricated evidence, which he did not, the Sixth Circuit decided *Moldowan* in 2009. This was approximately fourteen years after Plaintiff's conviction. Since this Court has already

---

[29]     *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S.Ct. 808 (2009) (emphasis added); *see, also Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001).

[30]     *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034 (1987).

[31]     *D'Ambrosio v. Marino*, N.D. Ohio No. 1:11 CV 933, 2012 U.S. Dist. LEXIS 141516, *11-14 (Oct. 1, 2012), citing *Brady*, 373 U.S. at 87-88; *Kyles v. Whitley*, 514 U.S. 419, 115 S. Ct. 1555 (1995); *Harris v. Lafler*, 553 F.3d 1028, 1033 (6th Cir.2009).

[32]     *D'Ambrosio* at *13.

[33]     *Id.*

[34]     *Id.* at *14; *see, also LeFever v. Ferguson*, 956 F.Supp.2d 819 (S.D. Ohio 2013).

held that county coroner employees were not liable under *Brady* prior to the Sixth Circuit's 2009

*Moldowon* decision, Plaintiff cannot establish that Challener had a clearly established constitutional duty

that would defeat his right to qualified immunity.

### B.    Challener's Estate is entitled to qualified immunity as to Plaintiff's malicious prosecution claim.

In addition, Challener's Estate is entitled to qualified immunity as to Plaintiff's malicious

prosecution claim. There does not appear to be any cases in this Circuit that have squarely held that a

coroner employee is liable for malicious prosecution for simply preparing autopsy reports that might

lead to the filing of criminal charges. Moreover, the Sixth Circuit admitted that until recently, neither

it nor the U.S. Supreme Court has sufficiently outlined the contours of a 4th Amendment malicious

prosecution claim.[35] This includes malicious prosecution claims based on a "continuing seizure" theory

of liability.[36] Therefore, even assuming Plaintiff has pled a plausible malicious prosecution claim, the

contours of this constitutional right and its application to coroner employees was not, by any measure,

clearly established in 1995.

### C.    Challener's Estate is entitled to qualified immunity concerning Plaintiff's derivative § 1983 claims.

Challener's Estate is entitled to qualified immunity as to Plaintiff's failure to intervene,

supervisory liability, and civil conspiracy claims because they are derivative[37] of the underlying

constitutional claims (i.e., 14th Amendment *Brady* due process and 4th Amendment malicious

prosecution claims). Since Plaintiff's rights under the 4th and 14th Amendments were not clearly

---

[35]    *See Wallace v. Kato*, 549 U.S. 384, 391, 127 S.Ct. 1091, 1096 (2007); *McKinley v. City of Mansfield*, 404 F.3d 418, 444 (6th Cir.2005).

[36]    *Rapp v. Putman*, 644 F.App'x 621, 628 (6th Cir.2016), citing *Reichle v. Howards*, 132 S. Ct. 2088, 2093, 182 L. Ed. 2d 985 (2012); *Williams v. Crosby*, 43 F. Supp. 3d 794, 805 (N.D. Ohio 2014) (ruling that "Far from being clearly established in September 2012, this point of law [regarding "continuing seizures" and malicious-prosecution claims] was (and remains) expressly unsettled in this Circuit.").

[37]    *See Rosado v. Gonzalez*, 832 F.3d 714, 718 (7th Cir.2016); *Cairns v. Malvasi*, N.D.Ohio No. 4:17-cv2215, 2019 U.S. Dist. LEXIS 7831, at *16-17 (Jan. 16, 2019).

established at the time of his arrest and prosecution, he cannot maintain any of his derivative claims

against Challener's Estate.

## VI.     PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED

### A.     Plaintiff's criminal prosecution did not terminate in his favor; therefore, his state law malicious prosecution claim must fail.

To sustain an action for malicious prosecution under Ohio law, Plaintiff must plead and prove:

(1) malice in instituting or continuing the prosecution; (2) lack of probable cause; and (3) termination

of the prosecution in favor of the accused.[38] "A proceeding is 'terminated in favor of the accused' only

when its final disposition indicates that the accused is innocent."[39]  Ohio law requires that a plaintiff

in a malicious prosecution action must not only demonstrate that "he was absolved of any

wrongdoing" but that the "charges were actually adjudicated on the merits in his favor."[40]  For

example, in *Mann v. Genoa Twp.*, 5th Dist. Delaware Case No. 01CAE03011, 2002-Ohio-727, the Court

determined that a dismissal without prejudice of criminal case was not a termination of the prosecution

in favor of the accused; therefore, the plaintiff's malicious prosecution claim was not ripe for review.

Here, the state trial court dismissed Plaintiff's criminal case *without prejudice* on October 17, 2017.[41]

Because Plaintiff cannot establish that his criminal prosecution terminated in his favor, his state law

malicious prosecution claim should be dismissed.

### B.     Plaintiff's Intentional Infliction of Emotional Distress is baseless.

To establish a claim of intentional infliction of emotional distress (I.I.E.D),  a plaintiff must

show that: (1) defendant either intended to cause emotional distress or knew or should have known

that actions taken would result in serious emotional distress; (2) defendant's conduct was so extreme

---

[38]     *Ash v. Ash*, 72 Ohio St. 3d 520, 522, 651 N.E.2d 945 (1995), citing *Trussell v. General Motors Corp.*, 53 Ohio St. 3d 142, 559 N.E.2d 732 (1990).

[39]     *See Collins v. Clancy*, S.D. Ohio No. 1:12-cv-152-HJW, 2014 U.S. Dist. LEXIS 56816, *36 (Apr. 23, 2014), citing *Ash*, 72 Ohio St.3d at 522.

[40]     *Palshok v. Jarrett*, 32 Fed. Appx. 732, 736 (6th Cir.2002).

[41]     *See* Dismissal Without Prejudice, Cuyahoga County Case No. CR-94-312586-ZA (Oct. 17, 2017).

and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; (3) defendant's actions were the proximate cause of plaintiff's psychic injury; and (4) the mental anguish suffered by plaintiff is serious and of a nature that no reasonable person could be expected to endure it.[42]

Here, Plaintiff does not allege a plausible claim for I.I.E.D. against Challener's Estate. Plaintiff claims that by allegedly fabricating, destroying, or withholding exculpatory evidence that led to Plaintiff's conviction and incarceration, Challener caused him to suffer emotional distress. Yet, Plaintiff has not attributed a single fabricated report to Challener. Nor do the reports attached as Exhibit A to Cuyahoga County, Kay May, and Dr. Balraj's Motion for Judgment on the Pleadings (Doc. # 61) support Plaintiff's claim that the reports were fabricated. For example, none of the reports say anything beyond the cause, means, and mode of Hudson's death. Challener never opined that Plaintiff murdered Hudson, nor did he reach a conclusion in these reports that Hudson's death occurred days after she either had consensual sex (or was possibly raped) by another man. Plaintiff also fails to attribute what, if any, evidence Challener purportedly destroyed. Accordingly, Plaintiff has failed to support his I.I.E.D. with ample factual allegations to assert a plausible claim that Challener's alleged actions rose to the level of being "extreme and outrageous" and utterly intolerable in civilized society. Therefore, his I.I.E.D. claim should be dismissed.

## C. Plaintiff's civil conspiracy claim suffers from the same pleading deficiencies as his federal claim.

Civil conspiracy in Ohio is "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages."[43] A plaintiff must establish the following elements: (1) a malicious combination; (2) two or more persons; (3) injury

---

[42] *Ekstrom v. Cuyahoga Cty. Community College*, 150 Ohio App.3d 169, 2002-Ohio-6228, 779 N.E.2d 1067, ¶56 (8th Dist. 2002) (citations omitted). MJP

[43] *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St. 3d 415, 419, 650 N.E.2d 863 (1995).

to person or property; and (4) existence of an unlawful act independent from the actual conspiracy.[44]

Although the elements of a federal and state malicious prosecution differ slightly, they both require evidence of some conspiratorial plan. Defendants incorporate their arguments in response to Plaintiff's federal civil conspiracy claim (Section I.E. above). Plaintiff simply rests on speculative and conclusory allegations that some conspiracy exists but fails to provide factual allegations to support this conjecture. Notwithstanding, Plaintiff cannot prove any of his underlying torts (malicious prosecution or I.I.E.D.). As such, his civil conspiracy claim is meritless and should be dismissed.

## CONCLUSION

For the above stated reasons, the Estate of Robert Challener respectfully requests that this Court dismiss all of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(c).

Respectfully submitted,

MICHAEL C. O'MALLEY, PROSECUTING
ATTORNEY OF CUYAHOGA COUNTY, OHIO

By: */s/ Brendan D. Healy*

_____

BRENDAN D. HEALY (0081225)
Assistant Prosecuting Attorney
The Justice Center, Courts Tower
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113
Tel: (216) 698-6447
Fax: (216) 443-7602
Email: bhealy@prosecutor.cuyahogacounty.us
Attorney for Defendants Cuyahoga County;
Kay May, Elizabeth K. Balraj, M.D. , and Estate of
Dr. Robert Challener

---

[44] *Scanlon v. Gordon F. Stofer & Bro. Co.*, 8th Dist. Cuyahoga Nos. 55467, 55472, 1989 Ohio App. LEXIS 2528, at *41-42 (June 22, 1989).

## CERTIFICATION OF COMPLIANCE WITH L.R. 7.1(f)

This memorandum, excluding this certificate and the signature block, is thirteen (13) pages long and thus complies with L.R. 7.1(f).